IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES M. LOVELACE,<br><br>    Plaintiff,<br><br>  v.<br><br>AURORA LOAN SERVICES LLC,<br><br>    Defendant.<br>_____ / | No. C 10-03772 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendant Aurora Loan Services LLC moved to dismiss the complaint (Dkts. No. 5 and 16). Plaintiff, proceeding *pro se*, failed to file an opposition or statement of nonopposition, so he was ordered to show cause why the motion should not be granted. That order also vacated the hearing on the motion. Plaintiff responded and was given another opportunity to oppose the motion. He did so (Dkt. No. 23). His opposition states that he "agrees with [the] moving party that he has not stated a claim to quiet title," and he "should be permitted to amend his complaint . . . and requests consent of this Court to do so." The opposition also sets forth a new theory that plaintiff will seek to assert in an amended complaint. Defendant's reply acknowledges that plaintiff has apparently changed course, but argues that the new course will not lead to a valid claim either (Dkt. No. 27).

As plaintiff does not oppose defendant's motion, the motion is **GRANTED**. Plaintiff will be given **THIRTY CALENDAR DAYS** from the date of this order to file a motion for leave to file an amended complaint. He must append to that motion a viable proposed amended complaint. He must notice the motion for a hearing on the normal 35-day track. The motion should clearly

explain how the amendments to the complaint address the problems with plaintiff's original complaint. If plaintiff fails to file a motion by the deadline, his case will be dismissed.

**IT IS SO ORDERED.**

Dated: December 27, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE